IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JGT, INC.                                                                                                    PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 1:09cv380WJG-JMR

ASHBRITT, INC. and FEDERAL
INSURANCE COMPANY                                                                              DEFENDANTS

O R D E R

THIS CAUSE comes before the Court on the motion [263] of Defendants Ashbritt, Inc. [Ashbritt] and Federal Insurance Company [Federal] for an award of attorneys' fees and costs against Plaintiff JGT, Inc., [JGT].  Defendants assert that they are entitled to attorneys' fees pursuant to the subcontract agreement.  (Ct. R., Doc. 264, p. 1.)  On August 27, 2010, an order granting the motion for summary judgment was entered by this Court.  (Ct. R., Doc. 262.) Defendants maintain they are prevailing parties under that order and should be awarded their fee request.  (Ct. R., Doc. 264, p. 2.)

JGT asserts that the case was dismissed on procedural grounds and suit will be filed in Florida.  (Ct. R., Doc. 269, p. 1.)  The contract in this case provides as follows regarding attorney's fees:

> In any dispute, the prevailing part [sic] shall be entitled to an award of reasonable attorney's fees, paralegal fees, filing fees, court costs and all other costs involved in the dispute, including any appeals thereof.

(Ct. R., Doc. 252-2, p. 16.)

Under Florida law, a determination on the merits is not required as a precondition to prevailing party status when determining whether attorney's fees are applicable. *See Prescott v. Anthony*, 803 So.2d 835, 836-7 (Fla. 2d DCA 2001).

The Court has examined the standards for an award of reasonable attorney's fees under both Mississippi and Florida law, and finds that the standard is the same. *GEMB Lending, Inc. v. RV Sales of Broward, Inc.*, 2010 WL 5313482 (S.D. Fla. 2010); *U.S. Leather, Inc. v. H & W Partnership*, 60 F.3d 222, 229 (5th Cir. 1995). A prevailing party should "ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968). Attorney's fees are awarded only for those hours expended which are reasonably necessary to adequately prosecute the case, and should not be awarded for "excessive, redundant, or otherwise unnecessary" attorney hours. *City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

To begin with, the Court will utilize the 12 factors established by *Johnson v. Georgia Highway Express*[1] as guidance in the determination of the appropriate fee in this case. *Cobb v. Miller*, 818 F.2d 1227, 1231 (5th Cir. 1987). The attorneys seek compensation for work performed at various hourly rates ranging from a high of $500.00 per hour sought by J.A. Loredo to $175.00 per hour for work by H. Ruston Comley. (Ct. R., Doc. 264-1, p. 1; Doc. 264-2, p. 1, 268-1.) Also included are claims from three paralegals charging between $95.00 to 205.00 per hour. (*Id.*) The law firm of Carlton Fields, P.A., [Carlton Fields] also submitted a fee request, indicating that the firm represented Ashbritt, in the proceedings. (Ct. R., Doc. 268, p. 1.)

---

[1] 488 F.2d 714 (5th Cir. 1974).

Carlton Fields seeks $130,620 in attorneys fees and $1,094.58 in costs for its representation in this matter, in addition to $517.53 in interest. (*Id.*)

In determining the appropriate hourly rate for attorney's fees for performing legal work, the Court considered the skill, experience and reputation of the attorney, the difficulty of the question involved in this suit, and the prevailing rates for attorneys in the Southern District of Mississippi, and must "value the service according to the customary fee and quality of the legal work." *Shirley v. Chrysler First, Inc*., 763 F. Supp. 856, 857 (N.D. Miss. 1991). The Court is familiar with the prevailing hourly rates in the community, and finds that $200.00 per hour is a reasonable hourly rate for senior level attorneys, taking into consideration the attorney's experience and the skill necessary to represent Defendants properly in this case. Accordingly, all fee requests in excess of this amount will be reduced to the applicable rate of $200.00 per hour. Any attorney seeking a rate lower than $200.00 will be compensated at the requested rate. Paralegals are entitled to a rate of $75.00 per hour in this district.

Next the Court calculates the number of hours reasonably expended. The law firm of Watkins and Eager PLCC [Watkins and Eager] submitted an affidavit in which it is outlined that George Fair spent a total of 117.30 hours on this matter billed at a rate of $295.00 per hour. (Ct. R., Doc. 264-2, p. 1.) In addition, James J. Crongeyer, Jr. worked 2.30 hours on the case and billed at the rate of $235.00 per hour; H. Ruston Comley of the firm spent 134.77 hours on the case and billed at the rate of $175.00 per hour; and paralegal Mary Blackburn spent 9.7 hours on the case and billed at the rate of $95.00 per hour. (*Id.*) The law firm of Moskowitz, Mandell, Salim & Simowitz, P.A., [Moskowitz] of Fort Lauderdale, Florida, also submitted an affidavit in support of time spent on the case. Michael Moskowitz avers that he spent a total of 44.7 hours

on the matter and seeks an hourly rate of $475.00 for the work. (Ct. R., Doc. 264-1, p. 1.) William G. Salim, Jr., of the firm spent 43 hours on the matter and seeks $400.00 per hour; and Susan Mull, a paralegal, spent 13.5 hours on the matter, seeking $110.00 per hour. (*Id*.)

The breakdown on the work performed by Carlton Fields includes entries from paralegal E. Greksa, who spent 75.70 hours on the case, billing at the rate of $205.00 per hour; A.M. Craig, who spent 37 hours, billing at the rate of $400.00 per hour; J.A. Loredo, who spent 38.90 hours, billing at the rate of $500.00 per hour; A.E. Furness, who spent 179 hours billing at the rate of $445.00 per hour; N.M. Massave who spent 5.80 hours billing at the rate of $210 per hour and "client tech level 2" at the rate of $65 per hour. (Ct. R., Doc. 268-1, p. 41.) The unexplained entry for client tech level 2 will be removed from the fee request. Also included in the fee request is an entry for $517.53 in interest, (Ct. R., Doc. 268-1, p. 42), which will likewise be denied and removed from the fee calculation.

"[T]he party seeking reimbursement of attorneys' fees . . . has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990); *Walker v. City of Mesquite,* 313 F.3d 246, 251 (5th Cir. 2002). Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. *Walker,* 313 F.3d at 251. The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment. *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002). At all times, "the applicant should exercise 'billing judgment' with respect to hours worked and should

maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley* v. *Eckerhart*, 461 U.S. 424, 436 (1983).

The Court may deduct or reduce hours when the supporting documentation of the hours claimed is "vague or incomplete." *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). As explained in *Kellstrom,* "[l]itigants take their chances" by submitting fee applications that are too vague to permit the district court to determine whether the hours claimed were reasonably spent, or when submitting "inadequately documented fee applications which provide little information from which to determine the reasonableness of the hours expended on tasks vaguely described or lumped together." *Walker v. HUD,* 99 F.3d 761, 773 (5th Cir. 1996); *Kellstrom*, 50 F.3d at 327. Hours which are the result of a case being "overstaffed" are not hours which are reasonably expended and may be excluded from the lodestar calculation. *Hensley*, 461 U.S. at 434. When a party submits a fee application without proper documentation, the court has the discretion to reduce the award to a reasonable amount. *No Barriers, Inc. v. Brinker Chili's Tex., Inc*., 262 F.3d 496, 500-1 (5th Cir. 2001); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

I.     Exercise of Billing Judgment

Billing judgment requires documentation of the hours charged and is usually shown by the attorney writing off unproductive, excessive, or redundant hours. The remedy for failing to exercise billing judgment is a reduction of the hours claimed by a percentage. *Green*, 284 F.3d at 662; *Walker,* 99 F.3d at 770. A party seeking attorney's fees is charged with the burden of showing the reasonableness of the hours billed and with proving the exercise of billing judgment.

*Walker,* 313 F.3d at 251.  Counsel provided no such documentation in this case, and the Court is simply not required to guess at such documentation.  *See Saizan*, 448 F.3d at 799.  To be reasonable, a fee must be an adequate amount of compensation to attract competent counsel while avoiding a windfall for lawyers.  *See Kellstrom*, 50 F.3d at 328.  Based on these guidelines, the Court will reduce the requested hours spent on this case by each attorney by half.

This case involves claims of a breach of contract, and the caliber of law firms involved in this case are very familiar with breach of contract suits.  There is considerable duplication of effort between the law firms involved in this case.  An example of this overlap includes entries such as the following:

> September 16, 2009 - read and analyze selected portions of complaint and motion to dismiss to revise case management order - listed for Comley from Watkins and Eager firm (Ct. R., Doc. 264-2, p. 7.)
>
> September 22, 2009 - Analysis of complaint, amended complaint, motion to dismiss and order on same in preparation for status conference (Ct. R., Doc. 268-1, p. 8.)
>
> September 23, 2009 - Planning and preparation for case management conference - listed for attorneys Furness and Laredo from Carlton Fields firm (Ct. R., Doc. 268-1, p. 8.)

Another example are the four entries for the phone call among the attorneys on June 7, 2010, which resulted in a billing of over $900 against Plaintiff for a call which was noted with different time lengths by each attorney, rendering it impossible for the Court to determine the actual time attributable to the call.  (Ct. R., Docs. 264-1, p. 3; 264-2, p. 40.)  Similar overlaps occur throughout the billing statements.  These duplicative hours will be cut.

The Court will also cut claimed hours which are vague or lacking in detail regarding the nature of the time spent.  *Kellstrom*, 50 F.3d at 326.  Many of the entries contain vague

descriptions of the work, such as "conference with Randy and Ralph" with no explanation concerning who these individuals may be or what relevance a conference with them has to this case.  (Ct. R., Doc. 264-1, p. 3.)  This includes such entries as "review emails"; "review checklist"; "prepare for . . . deposition"; "analysis of upcoming deadlines"; "review/analyze claims by subcontractor"; "consider strategies"; and the like.  Any hours listed as "attempted telephone calls" or "leave voicemail" were removed from the claims.  Finally, improper documentation made it impossible for the Court to determine whether time billed as work in this case included work performed on companion cases which were resolved prior to this motion for fees in this matter, as evidenced by references to the "Oreo case", "the blue file", "read order in Garrett and Rhino", "attempted call . . . in three cases . . . billed as one", "edit motion for . . . three cases . . . billed as one," and so on.  The Court finds no reason why Plaintiff in this case should bear the cost of similar cases involving the same Defendants handled by the same attorneys.  JGT should not bear the brunt of the costs for cases in which it was not listed as a Plaintiff.  Accordingly, the Court will reduce claims by any hours which appear to include work performed in other cases.  This reduces the possible hours requested for compensation by each attorney to the following:

        Moskowitz:        22.30
        Salim:            21.50
        Fair:             58.65
        Crongeyer:         1.15
        Comley:           61.63
        Craig:            12.00
        Loredo:           15.45
        Furness:          80.90
        Massave:           2.90

In addition, duplicative and excessive time listed by the paralegals, including time which included work on related cases, was eliminated from the fee request.  After careful consideration of the activity and claimed hours related to the activity, the Court finds that the paralegal claims should be reduced by 10%.  This reduces the paralegal time as follows:

    Greska:         75.50 claimed hours reduced to 67.95 hours
    Mull:           13.50 claimed hours reduced to 12.15 hours
    Blackburn:       9.70 claimed hours reduced to 8.73 hours

Further reductions in time will be addressed below.

II.   <u>Travel Time</u>

Courts typically compensate travel time at 50% of the attorney's hourly rate in the absence of documentation that any legal work was accomplished during travel time.  *Watkins,* 7 F.3d at 459; *Smith v. Walthall Co.,* 157 F.R.D. 388, 393 (S.D. Miss. 1994).  None of these attorneys provided this type of documentation.  Following thorough examination of the time sheets submitted by the attorneys, the Court has identified the following time which should be billed at 50% of the allowable hourly rate to reflect travel time or:

    Fair :          2.40 hours
    Comley:         4.80 hours
    Moskowitz:      4.10 hours

In addition, the Court will consider the following other factors in determining an appropriate fee award.

III.   <u>Type of Work Performed</u>

It is also appropriate to distinguish between legal tasks that clearly require an attorney's skill, and other tasks such as investigation, clerical work, compilation of facts and statistics; work which often can be accomplished by non-lawyers but which a lawyer may do because he/she has

no other help available, or simply because he/she wishes to perform a specific task. "[The] dollar value [of work performed] is not enhanced just because a lawyer does it." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989); *Walker*, 99 F.3d at 771. Clerical work which does not require the skill of an attorney, but which an attorney nevertheless performs, may be compensated at a lesser rate than the attorney's customary hourly rate. *Cruz v. Hauck,* 762 F.2d 1230, 1235 (5th Cir. 1985). It is also reasonable to assume that a more experienced attorney will take less time to accomplish a routine task than it would take a novice attorney, so a reduction in time may be appropriate depending on the attorney's experience. *See League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1234 (5th Cir. 1997).

Time spent on such tasks as letters to accompany motions for filing, and review of lists and routine matters such as *pro hac vice* applications should be compensated at the lesser rate as these are clerical duties that could have been handled by non-lawyers. Work of this nature is generally allowed at the paralegal billing rate. The following chart reflects the hours which the Court will compensate at the paralegal rate for each activity which fit this category of work:

| | |
|---|---|
| Moskowitz: | 2.90 |
| Salim: | 4.80 |
| Fair: | 3.60 |
| Crongeyer: | .90 |
| Comley: | 4.25 |
| Craig: | .10 |
| Loredo: | 1.40 |
| Furness: | 18.90 |

The following summarizes the total recoveries for each attorney for fees awarded at various rates and the total for their respective firms, which includes the fee request for paralegals.

<u>Moskowitz:</u>                                                                                                     $ 8,298.75
    Moskowitz:
        15.30 hours @ $200.00:        $ 3,060.00

|  |  |  |
|---|---|---|
| 4.10 hours @ $100.00: | $    410.00 | |
| 2.90 hours @ $ 75.00: | $    217.50 | |
|  | $ 3,687.50 | |

Salim:
| | | |
|---|---|---|
| 16.70 hours @ $200.00: | $ 3,340.00 | |
| 4.80 hours @ $ 75.00: | $    360.00 | |
| | $ 3,700.00 | |

Mull:
| | | |
|---|---|---|
| 12.15 hours @ $ 75.00: | $    911.25 | |

Watkins and Eager:                                                                                                         $21,752.50
    Fair:
| | | |
|---|---|---|
| 52.65 hours @ $200.00: | $10,530.00 | |
| 2.40 hours @ $100.00: | $    240.00 | |
| 3.60 hours @ $ 75.00: | $    270.00 | |
| | $11,040.00 | |

    Crongeyer:
| | | |
|---|---|---|
| .25 hours @ $200.00: | $      50.00 | |
| .90 hours @ $ 75.00: | $      67.50 | |
| | $    117.50 | |

    Comley:
| | | |
|---|---|---|
| 52.58 hours @ $175.00: | $ 9,201.50 | |
| 4.80 hours @ $ 87.50: | $    420.00 | |
| 4.25 hours @ $ 75.00: | $    318.75 | |
| | $ 9,940.25 | |

    Blackburn:
| | | |
|---|---|---|
| 8.73 hours @ $ 75.00: | $    654.75 | |

Carlton Fields:                                                                                                              $24,850.25
    Loredo:
| | | |
|---|---|---|
| 14.05 hours @ $200.00: | $ 2,810.00 | |
| 1.40 hours @ $ 75.00: | $    105.00 | |
| | $ 2,915.00 | |

    Craig:
| | | |
|---|---|---|
| 11.90 hours @ $200.00: | $ 2,380.00 | |
| .10 hours @ $ 75.00: | $        7.50 | |
| | $ 2,387.50 | |

    Furness:
| | | |
|---|---|---|
| 62.00 hours @ $200.00: | $12,400.00 | |
| 18.90 hours @ $ 75.00: | $ 1,471.50 | |
| | $13,817.50 | |

    Massave:
| | | |
|---|---|---|
| 3.20 hours @ $200.00: | $    640.00 | |

        Greska:
        67.95 hours @ $ 75.00:        $ 5,096.25

Based upon the above calculations, the Court will allow a total fee award in this matter in the amount of $54,901.50.  Costs will be addressed in a subsequent section, and further factors are discussed below.

IV.    *Johnson* Factors

The Court also utilizes the factors outlined in *Johnson v. Georgia Highway Express, Inc.*[2], to determine if a fee request is reasonable.  The *Johnson* factors include consideration of: (1) time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) is the fee fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Johnson,* 488 F.2d at 717-19).  The *Johnson* analysis need not be meticulously detailed, but must articulate and clearly apply the *Johnson* criteria.  *Kellstrom,* 50 F.3d at 331; *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996).

The Court has found that the difficulty and novelty of the matters in this case are minimal, and recognizes that these attorneys have the skills needed to effectively perform services to their clients.  The hourly rate determined by the Court is commiserate with the awards given to the other attorneys involved in these type of cases and is reflective of the level of

---

[2] 488 F.2d 714 (5th Cir. 1974).

experience necessary to participate in this type of case. The time limitations and preclusion of other employment was not a major factor in determining the fee award in this case. The Court is unable to assess the nature and length of any professional relationship these attorneys may have with these clients.

V.   Costs

The "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The New England PPO Plan of Gen. Consolidation Mgmt. Inc.,* 491 F.3d 266, 274 (5th Cir. 2007). The Court shall consider these guidelines in determining the cost award.

   A.   Copies

Although section 1920 provides that copying costs can be recovered when copies are obtained for use in the case, the parties in this case have not indicated how the copies claimed in the costs were "necessarily obtained for use in the case." *See Fogleman v. ARAMCO,* 920 F.2d 278, 286 (5th Cir. 1991). In addition, the cost of copying other documents is subject to the same standard as that of copying depositions: *reproductions necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity.* Most of the requests for costs of copying provides no itemized breakdown of the copying costs incurred, beyond distinguishing those duplicated in house and those duplicated elsewhere, such as "federal court document charge" or "outside printing." Many of the claims for copy costs include nothing to explain why the copy was necessary, and the Court is unable to determine in most listings whether copy costs were necessarily obtained for use in the case or obtained simply

for the convenience of counsel. The plaintiff should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a copy machine during the course of litigation.

Only copy costs which can be identified as necessary for use in the case will be allowed by the Court. Therefore, if no documentation explaining the necessity of the cost was submitted, the cost was removed from the request. Neither Carlton Fields nor Moskowitz provided documentation for the copy costs to allow the Court to determine the necessity of these costs. (Ct. R, Doc. 41, p.42; Doc. 264-1, p. 8.) Consequently, the Court eliminated $92.88 from Carlton Fields' cost claim; $305.25 from the Moskowitz cost claim for undocumented copy costs.

Watkins and Eager properly documented charges for the printing of documents used in D.C. and Michelle Butler's deposition in the amount of $1,194.22, and for the printing of documents necessary for mediation in the amount of $47.64, for a total of $1,241.86 in allowable copying costs. (Ct. R., Doc. 264-2, pp. 20-21, 47.) The total request for photocopies from Watkins and Eager was $1,826.83, as shown on the reconciliation page of the fee request. (Ct. R, Doc. 264-2, p. 2.) The Court, however, found $1,876.85 in copying costs listed in the itemized fee request. This total includes the $1,241.86 in allowed printing costs; and the $634.99 in copying costs which were not identified as necessary for litigation as required under the statute. The Court will, therefore, eliminate $634.99 from the total cost sought by Watkins and Eager. 28 U.S.C. § 1920(4). These reductions result in an allowed total for cost claims of $70.00 for Moskowitz after eliminating all copying costs; $1,001.70 for Carlton Fields after eliminating all

copying costs; and $4,841.83[3] for Watkins and Eager, after eliminating $634.99 of the copying costs claimed.

        B.        <u>Phone Calls, Postage, United Parcel Service and Federal Express Charges</u>

Expenses for local and long distance telephone calls are out-of-pocket expenses not taxable as costs. *Ezelle v. Bauer Corp.*, 154 F.R.D. 149, 155 (S.D. Miss. 1994). Expenses for such costs as postage, messenger fees, United Parcel and Federal Express service and fax transmissions, should be included as costs, but are absorbed as overhead expenses in the attorney's fees. *See Embotelladora Agral Regiomontana v. Sharp Capital*, 952 F. Supp. 415 (N.D. Tex. 1997); *Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 557 (5th Cir. 1987); *Migis v. Pearle Vision, Inc.*, 944 F. Supp. 508, 518 (N.D. Tex. 1996) (courier fees, postage and facsimiles eliminated as overhead costs under 28 U.S.C. § 1920), *aff'd in part & rev'd in part*, 135 F.3d 1041, 1048-9 (5th Cir. 1998) (affirming trial court's disallowance of costs). In addition, costs that are considered overhead costs, or the normal expenses of doing business, are not reimbursable. *In re Bicoastal*, 121 B.R. 653, 656 (M.D. Fla. 1990). This would include charges for fax deliveries, postage, and any express delivery services. The Court has deducted $59.65 claimed by Carlton Fields for such. (Ct. R., Doc. 268-1, p. 41.) The affidavit submitted in conjunction with the Watkins and Eager cost claim does not include these charges in the request, although figures for these type costs were included in the reconciliation. (Ct. R., Doc. 264-2, p. 2.) Accordingly, there is no change to the possible total cost claim for Watkins and Eager as a result of this calculation. In addition, Moskowitz did not claim such charges in the cost claim.

---

[3]The Court used the figure $1,876.85 as total copy costs claimed after using the figures set out in the fee reconciliation for each category, rather than relying on the figures listed in the chart set out in the summary of claims. This resulted in a total cost claim of $5,476.82. (Ct. R, Doc. 264-2, p. 2.)

(Ct. R., Doc. 264-1, pp. 6-7.) The elimination of these totals from the requested costs submitted by Carlton Fields results in a revised allowable cost total of $942.05 for that firm. (Ct. R., Doc. 268-1, p. 42.)

      C.      *Pro Hac Vice* Fees

Defendants included the fees for *pro hac vice* admission of certain attorneys and related expenses to that admission as part of the cost bill. *Pro hac vice* fees are not properly recoverable as costs and shall be denied. *Smith v. Fresh Cut Floral & Catering, Inc.,* 2008 WL 4539630 *2 (S.D. Miss. Oct.7, 2008), citing *Cathey v. Sweeney,* 2007 WL 1385657 *1 (S.D. Ga. May 8, 2007) (finding that *pro hac vice* fees are an expense of counsel, not the client). This eliminates $30.00 from Moskowitz's cost request; $200.00 from Watkins and Eager cost request; and $100.00 from Carlton Fields' cost request. (Ct. R., Doc. 264-1, p. 6; Doc. 264-2, p. 2; Doc. 268-1, p. 41.) These reductions result in requested costs of $40.00 for Moskowitz; $4,641.83 for Watkins and Eager; and $842.05 for Carlton Fields.

      D.      Service of Process Fees

Defendants have included as costs the fees charged by a private process server for subpoenas; fees associated with subpoena *duces tecum*; delivery service fees for subpoenas and similar claims. Private process server fees are not recoverable as fees of the clerk and marshal under section 1920. *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F*., 118 F.3d 245, (5th Cir. 1997). Any claims made under this category will be eliminated, including charges to Will Gardner; Holt & Associates; and Regions Bank as outlined in Watkins and Eager's cost detail. (Ct. R., Doc. 264-2, p. 2.) This eliminates a total of $630.00 from the cost request of Watkins

and Eager. (*Id.*) This leaves a possible cost recovery of $4,011.83 for Watkins and Eager, and no change to the costs request of Moskowitz and Carlton Fields.

  E.  Legal Research and PACER costs

  Defendants have included charges for Westlaw research and PACER charges in their cost claims. The United States Supreme Court has determined that only items listed in section 1920 could be taxed as costs absent any statutory basis for such an award, and, as a result, courts have refused to tax as costs electronic legal research including PACER charges. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). Accordingly, the Court will eliminate any claims for such charges from the cost requests. This determination eliminates $40.00 from Moskowitz's cost claim; $67.17 from Watkins and Eager's claim; and $842.05 from Carlton Fields' cost claim. This reduction leaves a possible recovery of $3,944.66 for Watkins and Eager; and eliminates entirely the cost claims submitted by Moskowitz and Carlton Fields.

  F.  Witness Fees

  Watkins and Eager sought to add certain witness fees to the fees and costs award. The fee was a milage rate for depositions which were cancelled, and later rescheduled. (Ct. R., Doc., 264-2, p. 15.) The request seeks $45.00 for the appearance and .50 cents per mile. (*Id.*) Witness fees may be taxed as costs against an unsuccessful party. 28 U.S.C. § 1920(3). The amount of fees are identified in 28 U.S.C. § 1821, which provides: "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance." 28 U.S.C. § 1821(b). Each of the fees will be reduced by $5.00 to reflect this rate, yielding a total reduction

of $20.00 from the fee request; the remaining amount requested will be allowed. After this adjustment, the potential fee request for Watkins and Eager is $3,924.66.

      G.     Interest

The Court finds no precedent for an award of interest on an award of attorney fees and finds that this request by Carlton Fields should be denied. The amount of interest claimed – $517.63 – will be deducted from Carlton Fields' request.

VI.     Summary

Following the deductions as outlined above, the fee award to each law firm is as follows: Moskowitz $8,298.75; Watkins and Eager - $25,677.16; and Carlton Fields - $24,850.25. The total award for fees and costs is $58,826.16. It is therefore,

ORDERED that the motion [263] of Defendants Ashbritt and Federal for an entry of attorneys' fees and costs against JGT, Inc., be, and is hereby, granted to the extent established in this Order. It is further,

ORDERED that Plaintiff shall pay Defendants the amount of $58,826.16 in fees and costs, with the parties responsible for distributing this amount among each applicable law firm. It is further,

ORDERED that each party bear its respective costs associated with this motion.

SO ORDERED, this the 5th day of April, 2011.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE